(101 So. 923)

Irwin GAINES v. STATE. (1 Div. 572.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Monroe County; John D. Leigh, Judge. Assault with intent to murder.

FOSTER, J. The appeal is upon the record, without bill of exceptions. The record fails to disclose error. The judgment is affirmed.

(103 So. 924)

Henry GARDNER v. STATE. (7 Div. 29.) (Court of Appeals of Alabama. March 17, 1925.) Appeal from Circuit Court, Clay County; E. S. Lyman, Judge. Riddle & Riddle, of Talladega, for appellant. Harwell G. Davis, Atty. Gen., for the State. Violating prohibition law.

RICE, J. Reversed and remanded, on authority of Burk Gardner v. State, ante, p. 469, 102 So. 914.

(103 So. 924)

Ex parte W. J. GILBERT. (6 Div. 782.) (Court of Appeals of Alabama. April 14, 1925.) Original petition for habeas corpus. Palmer H. Bell, of Birmingham, for petitioner. E. L. Hargrave, Deputy Sol., of Fairfield, for respondent.

RICE, J. It affirmatively appears from the pleadings on file, and by the admission of petitioner's counsel in open court on the argument of this cause, that petitioner was not at the time of filing his petition restrained of his liberty, as averred in said petition, but that he had theretofore been released from custody upon his giving bail. It is manifest that petitioner has mistaken his remedy. Habeas corpus denied.

(102 So. 921)

Pete GILLEY v. STATE. (8 Div. 209.) (Court of Appeals of Alabama. Feb. 3, 1925.) Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge. Assault to murder.

BRICKEN, P. J. Appeal dismissed.

(102 So. 921)

Zanie GIPSON v. STATE. (8 Div. 210.) (Court of Appeals of Alabama. Feb. 3, 1925.) Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge. Distilling.

SAMFORD, J. Appeal dismissed.

(100 So. 924)

Van GLENN v. STATE. (6 Div. 513.) (Court of Appeals of Alabama. May 13, 1924.) Appeal from Circuit Court, Lamar County; Ernest Lacy, Judge. Distilling.

FOSTER J. Appeal dismissed.

(102 So. 921)

Albert GLENN v. STATE. (4 Div. 966.) (Court of Appeals of Alabama. Feb. 3, 1925.) Appeal from Circuit Court, Barbour County; J. S. Williams, Judge. G. E. Jones, of Clayton, for appellant. Harwell G. Davis, Atty. Gen., for the State. Violating prohibition law.

SAMFORD, J. There is no bill of exceptions, in the absence of which the court will not consider the refused charges requested in writing by defendant. There is no error in the record, and the judgment is affirmed.

(102 So. 921)

T. GLENN v. STATE. (4 Div. 967.) (Court of Appeals of Alabama. Jan. 13, 1925.) Appeal from Circuit Court, Barbour County; J. S. Williams, Judge. Violating prohibition law.

FOSTER, J. The appeal is on the record, without bill of exceptions. We find no error in the record. The judgment of conviction is affirmed. Affirmed.

(102 So. 921)

Fred GLOVER v. STATE. (6 Div. 564.) (Court of Appeals of Alabama. Dec. 16, 1924.) Appeal from Circuit Court, Jefferson County; William E. Fort, Judge. Assault with intent to rob.

SAMFORD, J. Appeal dismissed.

(103 So. 924)

John GOFORTH v. STATE. (8 Div. 238.) (Court of Appeals of Alabama. March 24, 1925.) Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

RICE, J. The defendant was convicted of violating the prohibition laws, and he appeals. Nothing involving other than the most elementary principles of law is presented by any exception appearing in the record. The trial was had before the court without a jury. No prejudicial error being apparent, let the judgment be affirmed.

(103 So. 924)

John GOODMAN v. STATE. (1 Div. 587.) (Court of Appeals of Alabama. March 17, 1925.) Appeal from Circuit Court, Mobile County; O. A. Steele, Judge. McMillan & Grove, of Mobile, for appellant. Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. At the January, 1924, term of the circuit court of Mobile county the grand jury returned two indictments against this appellant. By agreement, the two cases were tried together, and the jury found the defendant guilty in both cases, assessing fines in each case, to which the court added hard labor for the county. From the judgments of conviction the defendant appealed to this court. Upon consideration of one of these appeals (John Goodman v. State, 102 So. 486,[1] 1 Div. 588), this court reversed the judgment of conviction and remanded the cause because of error of the court upon its rulings on the admission of testimony (Goodman v. State, 102 So. 486[1]). The points of decision upon this appeal of necessity are the same as in the other case, supra. It therefore appears there is nothing to do but to reverse the judgment of conviction appealed from in this case, upon the authority of Goodman v. State (Ala. App.) 102 So. 486.[1] Reversed and remanded.

[1] Ante, p. 392.